UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GEOFFRIE ALLEN LEE DILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:23-cv-02112-TWP-KMB |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Order Dismissing Motion to Vacate, Set Aside, or Correct Sentence
and Opportunity for Petitioner to Show Cause**

Petitioner Geoffrie Allen Lee Dill was convicted of drug and firearm charges in 2012. *See United States v. Dill*, No. 21-2672, 2022 WL 2188533, at *1 (7th Cir. June 17, 2022); *United States v. Dill,* No. 1:11-cr-26-TWP-DML-1 (S.D. Ind) (hereinafter "Crim. Dkt."). He then benefited from a successful motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Crim. Dkts. 207 and 245 (Amended Judgment entered September 13, 2021). Now before the Court is Dill's motion for relief from that amended sentence pursuant to 28 U.S.C. § 2255 alleging his counsel was constitutionally ineffective during the § 2255 proceedings. For the reasons explained below, Dill's section § 2255 motion is dismissed, and he shall have through **February 14, 2024,** in which to show cause why Judgment consistent with this Order should not issue.

### I. The § 2255 Motion

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II. Factual Background

Dill was indicted and convicted of three counts: Count 1: possession with intent to distribute five or more grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1); Count 2: possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1); and Count 3: possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). A jury found Dill guilty on each count, and he was sentenced to 420 months' imprisonment: 360 months on Count 1, 180 concurrent months on Count 3, and 60 consecutive months on Count 2. *United States v. Dill*, No. 21-2672, 2022 WL 2188533, at *1 (7th Cir. June 17, 2022). The Seventh Circuit affirmed on direct appeal. See *United States v. Dill*, 712 F.3d 347 (7th Cir. 2013).

Dill timely sought collateral relief under 28 U.S.C. § 2255. In an effort to resolve Dill's petition, the parties jointly moved to lower his sentence on Count 1 from 360 to 240 months' imprisonment. Before a new judgment could be entered to that effect, the parties also moved to lower Dill's Count 3 sentence from 180 to 120 months because the Supreme Court had announced a new substantive rule applicable to his case. See *Welch v. United States*, 578 U.S. 120, 135 (2016) (holding that the rule announced in *Johnson v. United States*, 576 U.S. 591 (2015) applies retroactively). But the proposed judgment filed by the parties and entered by the district court omitted the agreed change for Count 3.

Nearly five years later, in early 2021, Dill moved for relief from the judgment based on this clerical error and requested a resentencing hearing. The district court granted his motion, scheduled a hearing for Dill to "be resentenced on Count 3," and directed that he would not be "preclude[d] ... from presenting any appropriate challenge" at the hearing.

. . .

The district court rejected Dill's career-offender argument based on our decision in *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020). Yet it agreed to reconsider Dill's sentence for all counts. After doing so, the court lowered his sentence on Count 1 by another 20 months, to 220 months' imprisonment (three and a half years below the bottom of the Guidelines' range). It also reduced Dill's concurrent Count 3 sentence from 180 to 120 months and left his consecutive sentence on Count 2 unchanged at 60 months. So Dill now has a total sentence of 280 months' imprisonment (220 months on Counts 1 and 3, and 60 consecutive months on Count 2).

*United States v. Dill*, No. 21-2672, 2022 WL 2188533, at *1 (7th Cir. June 17, 2022)

### III. Discussion

Dill seeks relief from his second amended sentence.[1] His second § 2255 motion is subject to preliminary review under Rule 4(b) of *Rules Governing Section 2255 Proceedings for the United States District Courts*. That Rule provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id.* That is the case here.

**A. Assistance of Counsel**

First, Dill alleges that the attorney representing him at his resentencing hearing was ineffective. Dkt. 1 at 3. Dill argues that if his counsel had been prepared there is a possibility that he would have received an even lower sentence.

---

[1] The limitation on filing successive § 2255 motions only applies to challenges to the same judgment. *See* 28 U.S.C. § 2255(h). "'[A] petitioner who succeeds on a first habeas application and is resentenced may challenge only the portion of a judgment that arose as a result of a previous successful action.'" *Turner v. Brown*, 845 F.3d 294, 298 (7th Cir. 2017) (*Magwood v. Patterson*, 561 U.S. 320, 342 n.16 (2010) (citations omitted)).

3

Dill's asserted grounds for relief are based on the Sixth Amendment right to counsel. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish one of the Strickland prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

No relief is warranted based on ineffective assistance of counsel. Dill has not met his burden to show that he is entitled to relief. As presented, his entire argument is speculative. He contends:

> Attorney Terry Tolliver failed to prepare and research applicable case law, therefore causing the defendant to receive almost the same sentence. Because the Court was not sure if it could consider any other factors, except for Count #3. Had counsel been prepared there is a high probability that Dill would have received a much lower sentence.

Dkt. 1 at 3. Although *pro se* collateral review filings are construed liberally, a district court can deny relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," or "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (internal quotation marks omitted); *see also Wright v. United States*, 215 F. Supp. 3d 674, 679 (N.D. Ill. 2016) (quoting *Martin*, for proposition that petitioner must make "some threshold showing of the evidentiary basis" for his motion). Dill does not explain what research, case law, or preparation should have been done. When the counsel's purported deficiency is based on a failure to investigate, the petitioner is required to allege "'what the investigation would have produced.'" *Richardson v. United States*, 379 F.3d 485,

4

488 (7th Cir. 2004) (per curiam) (*quoting Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003)); *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (same).

In the absence of any explanation of error, Dill's claim of ineffective assistance of counsel fails to sufficiently state either that counsel's performance fell below an objective standard of reasonableness or that any alleged deficiencies in performance prejudiced Dill. Instead, the record reflects that Dill's counsel successfully advocated for reconsideration of Dill's sentence for all counts. His sentence on Count 1 was lowered to 220 months' imprisonment (three and a half years below the bottom of the Guidelines' range) and his concurrent Count 3 sentence was reduced from 180 to 120 months. *Dill*, No. 21-2672, 2022 WL 2188533, at *1 (7th Cir. June 17, 2022). These results were affirmed on appeal and do not reflect ineffective assistance of counsel.

## B.  Sentencing Guideline Amendments

Second, Dill asserts that he is entitled to relief based on recent but unidentified Amendments to the Sentencing Guidelines. Dkt. 1 at 4. The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," under certain circumstances. 18 U.S.C.A. § 3582(c)(2). Section 3582(c) motions should be brought in a separate motion filed in the criminal case. Accordingly, any claim for relief that could be brought pursuant to § 3582(c) is **denied without prejudice.**  Dill is granted leave to file a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) if he seeks reduction based on a change in the law. If such a motion is file, he must identify the specific sentencing guideline amendment(s) that apply to his claim.

## IV. Conclusion

The § 2255 motion is dismissed pursuant to Rule 4. Petitioner shall have through **February 14, 2024,** to show cause why Judgment consistent with this Entry should not issue.

Dill is also granted leave to file a Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) if he seeks reduction based on a change in the law.

IT IS SO ORDERED.

Date: 1/18/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GEOFFRIE ALLEN LEE DILL
09906-028
FORREST CITY - MEDIUM FCI
FORREST CITY MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
PO BOX 3000
FORREST CITY, AR 72336

All Electronically Registered Counsel